**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-13-02214-001-TUC-JGZ |
| Plaintiff, | **ORDER** |
| v. | |
| Cory Deshaun Marshall, | |
| Defendant. | |

Pending before the Court is Defendant Cory Deshaun Marshall's request for compassionate release. (Doc. 113.) The request has been fully briefed. (Docs. 114, 118.) Based on its consideration of the 18 U.S.C. § 3553(a) factors and the applicable policy statements, the Court will deny the request.

Pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), a sentencing court may reduce a term of imprisonment "after considering the factors set forth in section 3553(a) to the extent they are applicable," if the court finds (1) "extraordinary and compelling reasons warrant such a reduction," and (2) "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13. Additionally, the Court's reduction of a sentence must be "consistent with applicable policy statements issued by the Sentencing Commission."[1] 18 U.S.C. § 3582(c)(1)(A).

The Court finds that Mr. Marshall's health conditions, in light of the COVID-19

---

[1] A defendant must also exhaust administrative remedies before bringing a motion pursuant to 18 U.S.C. § 3582(c)(1)(A). Mr. Marshall has exhausted his administrative remedies. (Doc. 113-2.)

pandemic, constitute extraordinary and compelling reasons allowing compassionate release, but concludes that a reduction in his sentence is not appropriate in light of the 18 U.S.C. § 3553(a) factors and applicable policy statements. The circumstances of the offense and Mr. Marshall's conduct after the offense suggest that Mr. Marshall is a danger to the community.

The offense is serious. Mr. Marshall made false representations about job opportunities in the music business to lure two young women (one a minor) to travel from Montana to Utah, when his true intentions were to coerce them to engage in commercial sex acts for his benefit. When the young women arrived, Mr. Marshall took them to a hotel and photographed them, and subsequently posted escort advertisements for the women on the internet. Thereafter, Mr. Marshall coerced the young women to engage in commercial sex acts for approximately four days and took the profits. Mr. Marshall then repeated his criminal acts when he took the women to Arizona. One victim reported that Mr. Marshall sexually assaulted and assaulted her as part of the coercion. It was clear that Mr. Marshall took advantage of the vulnerability and lack of resources of the two woman, depriving them of money and controlling their movements.

Mr. Marshall was never particularly remorseful about exploiting the young women. After the crime, Mr. Marshall bragged on Facebook about the "four different b*****s paying [him]" and about "knock[ing] a couple of b*****s in Montana" and having them out in Tucson. While in jail, in phone calls, Mr. Marshall invited others to come to his trial to see that another person was a snitch. And although Mr. Marshall stated at sentencing that he accepted responsibility for his conduct, he simultaneously asserted that the victims had knowingly entered into their arrangement with him to engage in commercial sex acts.

The Court concludes that compassionate release is not appropriate because Mr. Marshall is a danger to the community. The Court additionally concludes, having considered the § 3553(a) factors, that a reduction would not "'comply with the purposes' of imprisonment, such as deterrence, punishment, and public safety." *See United States v. Trujillo*, 713 F.3d 1003, 1008 (9th Cir. 2013) (quoting 18 U.S.C. § 3553(a)). Based on Mr.

Marshall's personal history and characteristics, the seriousness of the offense, the need for deterrence and to promote respect for the law, and the need to protect the community, the Court will deny the request for compassionate release.

**IT IS ORDERED** that Defendant's Motion for Compassionate Release (Doc. 113) is **DENIED**.

Dated this 16th day of April, 2021.

_____
Honorable Jennifer G. Zipps
United States District Judge